# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1964

_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Matthew Chilldres

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 16, 2013
Filed: January 15, 2014
[Unpublished]

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ryan Matthew Chilldres pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1]

---

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

sentenced Chilldres to 188 months' imprisonment, which corresponded with the low end of the advisory sentencing range under the United States Sentencing Guidelines (Guidelines).

Chilldres argues that his sentence is substantively unreasonable because it is greater than necessary to promote the goals of sentencing. See 18 U.S.C. § 3553(a). He contends that the district court failed to take into account the time he spent in state custody and failed to consider a letter of support written by a family friend. He argues that the district court should have granted his request for a downward variance.

"Because [Chilldres] does not challenge the district court's calculation of the advisory sentencing guidelines range, we review his sentence for an abuse of discretion and note that a sentence within the guidelines is presumptively reasonable on appeal." United States v. Shirley, 720 F.3d 659, 665 (8th Cir. 2013) (quoting United States v. Torres, 552 F.3d 743, 747-48 (8th Cir. 2009)). Our review of the record indicates that the district court considered Chilldres's request for a downward variance and declined to vary downward. The district court confirmed that it had reviewed the letters submitted in support of Chilldres and that it would take them into consideration in imposing his sentence. The district court further explained that it sought to ensure that Chilldres received some credit for the time he served in state custody. Because the Bureau of Prisons would decide whether Chilldres would receive actual credit, the district court imposed a sentence at the low end of the advisory Guidelines range, even though it found that Chilldres's criminal history could warrant a much higher sentence. In addition, the record does not suggest that the district court failed to consider a relevant factor, weighed an improper or irrelevant factor, or committed a clear error of judgment in denying the request for a downward variance. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We therefore conclude that the 188-month sentence is not unreasonable.

The sentence is affirmed.

_____